# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

JARRED MICAH LEE; and HEATHER LYNN LEE

    Plaintiffs,

v.

THE UNITED STATES OF AMERICA,

    Defendant.

CIVIL ACTION NO.: 4:18-cv-54

FILED
Scott L. Poff, Clerk
United States District Court
By jburrell at 11:01 am, Jan 18, 2019

## O R D E R

This Federal Tort Claims Act lawsuit comes before the Court on Defendant United States of America's Motion to Dismiss, (doc. 10), and Plaintiffs Jarred and Heather Lee's Request for Oral Argument, (doc. 18).[1] Plaintiffs filed a Response in Opposition to Defendant's Motion, (doc. 15), and Defendant filed a Reply, (doc. 17). This case arises out of a motor vehicle collision between Plaintiff Jarred Micah Lee's vehicle and a military service vehicle on a public highway on the Fort Stewart military reservation. The parties dispute whether the Feres doctrine precludes the Court from exercising jurisdiction over Plaintiffs' claims. Defendant has failed to establish that the collision arose out of or occurred in the course of activity incident to Mr. Lee's military service. Thus, Mr. Lee's claims survive Defendant's Motion. However, Plaintiff

---

[1] On January 11, 2019, the Court entered an Order staying this case due to the lapse in appropriations for the United States Department of Justice. (Doc. 23.) Because the instant Order does not require any action by the United States, the Order staying this case shall remain in full effect. To the extent that any party has a right to appeal this Order, the deadline for any party to file a Notice of Appeal is extended in accordance with the terms of that Order, (id. at p. 3). Further, while the instant Order decides each party's pending motion, this case remains stayed in all other respects.

Heather Lee failed to timely exhaust her administrative remedies prior to filing this lawsuit, and, therefore, the Court lacks jurisdiction over her claims.

For these reasons, which the Court explains more fully below, the Court **GRANTS in part and DENIES in part** Defendant's Motion to Dismiss, (doc. 10). The Court **DISMISSES** all claims of Plaintiff Heather Lee for failure to exhaust and **DIRECTS** the Clerk of Court to terminate her as a party to this case. The Court also **DENIES** Plaintiffs' Request for Oral Argument, (doc. 18).[2]

## BACKGROUND

Plaintiff Jarred Micah Lee (at times "Mr. Lee"), and his wife, Plaintiff Heather Lynn Lee (at times "Mrs. Lee"), filed this action against the United States requesting damages incident to injuries that Mr. Lee sustained in a collision with a military vehicle. (Doc. 1, pp. 1–4.) Mr. Lee is a former Specialist in the United States Army and, at all times relevant to this action, Mr. Lee was on active duty at Fort Stewart Military Reservation ("Fort Stewart") where he resided with his wife and minor son. (Id.) On the weekend of the accident, Mr. Lee had what is known as a "pass." (Id. at p. 4.) Passes are "short, non-chargeable, authorized absence[s] from post or place of duty during normal off duty hours." (Doc. 17-1, p. 1.) Mr. Lee had a "weekend pass" and was not expected to report for duty at Fort Stewart until Monday morning, April 25, 2016. (Doc. 1, p. 4.)

Mr. Lee utilized his weekend pass on Saturday, April 23, 2016, when he left Fort Stewart in his personal vehicle to have dinner with his son. (Id.) On the drive home, Mr. Lee and his son

---

[2] Pursuant to Local Rule 7.2, Plaintiffs requested oral argument on Defendant's Motion to Dismiss. (Doc. 18.) Defendant filed a Response to Plaintiffs' request for a hearing, (doc. 19), but did not oppose Plaintiffs' request and deferred to the Court on the matter. The Court, having read and considered Defendant's Motion and all of the parties' related filings and briefs, found sufficient bases to issue an opinion without oral argument and, therefore, **DENIES** Plaintiffs' request

2

traveled on Georgia Highway 144 East, a public highway which traverses Fort Stewart. (Id.) As Mr. Lee's vehicle approached the intersection of 144 East and Fort Stewart Road 58B, it collided with a military tractor-trailer driven by an active duty United States Marine. (Id. at pp. 3–4.) Mr. Lee sustained significant injuries in the accident and was subsequently medically discharged from the Army. (Doc. 10-1, pp. 1–2.)

Plaintiffs filed this action on March 16, 2018, pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671 *et seq*. ("FTCA"), alleging negligence, vicarious liability, and loss of consortium. (Doc. 1.) On May 22, 2018, Defendant filed the instant Motion to Dismiss, claiming the Court lacks subject matter jurisdiction over the claims of both Mr. and Mrs. Lee. (Doc. 10.) Defendant contends that any claims asserted by Mrs. Lee must be dismissed because she failed to exhaust her administrative remedies as required under the FTCA. (Doc. 10-1, p. 4.) As to Mr. Lee's claims, Defendant urges that such claims are barred by the Feres doctrine, which is described in detail below. (Id. at p. 6.) In their Response, Plaintiffs address Defendant's arguments regarding Mr. Lee's claims and aver that the case is properly before the Court. (Doc. 15.)

**STANDARD OF REVIEW**

A court may dismiss a complaint when it lacks subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). Motions pursuant to Rule 12(b)(1) take one of two forms: a "facial attack" on subject matter jurisdiction based on the complaint's allegations taken as true or a "factual attack" based on evidentiary matters outside of the pleadings. McElmurray v. Consol. Gov't of Augusta-Richmond Cty., 501 F.3d 1244, 1251 (11th Cir. 2007) (citing Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990)). In the "factual attack" context, the court considers whether subject matter jurisdiction tangibly exists in fact, irrespective of the

complaint's allegations. Id. When faced with such a challenge to subject matter jurisdiction, a plaintiff has the burden to prove facts which show jurisdiction exists over its claims. OSI, Inc. v. United States, 285 F.3d 947, 951 (11th Cir. 2002) (citations omitted).

To resolve a factual attack, a court "may consider extrinsic evidence such as testimony and affidavits," rather than being constrained to the allegations in the complaint. Morrison v. Amway Corp., 323 F.3d 920, 924 n.5 (11th Cir. 2003) (citation omitted). Courts are "free to weigh the facts," subject to clearly erroneous review, without viewing them in the light most favorable to the plaintiffs. Carmichael v. Kellogg, Brown & Root Servs., Inc., 572 F.3d 1271, 1279 (11th Cir. 2009). In deciding a fact-based motion to dismiss for lack of subject matter jurisdiction, a court may dismiss on the basis of (1) "the complaint supplemented by undisputed facts evidenced in the record" or (2) "the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." Williamson v. Tucker, 645 F.2d 404, 412 (5th Cir. 1981).[3] And while plaintiffs are entitled to a reasonable opportunity for discovery and a hearing on this issue, courts are empowered to decide factual motions on affidavits alone, where appropriate, so long as its factual determinations are identified and explained. Id. at 413–14 (citations omitted); see also Fed. R. Civ. P. 43(c) ("[T]he court may hear [a motion] on affidavits or may hear it wholly or partly on oral testimony or depositions."). Furthermore, courts are to "use their judicial experience and common sense in determining whether" a case meets federal jurisdictional requirements. Roe v. Michelin N. Am., Inc., 613 F.3d 1058, 1062 & n.5 (11th Cir. 2010) (citations omitted).

---

[3] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

## DISCUSSION

**I. Dismissal of Plaintiff Mrs. Lee's Claims for Failure to Exhaust Administrative Remedies**

Defendant contends that any claims brought by Mrs. Lee should be dismissed because she did not exhaust her administrative remedies as required by the FTCA, 28 U.S.C. § 2675(a).[4] (Doc. 10-1, pp. 4–6.) Plaintiffs did not address this argument but did note that the dismissal of Mrs. Lee's claims should not impact any claims brought by Mr. Lee. (Doc. 15-1, p. 3.)

According to Plaintiffs' Complaint, this action and all claims contained therein were brought pursuant to the FTCA. (Doc. 1, p. 1.) However, a federal court may not exercise jurisdiction over an FTCA suit unless the claimant first files an administrative claim with the appropriate agency within two years from the time the claim accrues. 28 U.S.C. § 2675(a). A tort claim under the FTCA "accrues" at the time of the relevant injury—here, Mr. Lee's accident on April 23, 2016. Cruz v. United States, 522 F. App'x 635, 637 (11th. Cir. 2013). Defendant put forth undisputed evidence showing that, as of May 15, 2018, Mrs. Lee had not filed an administrative claim.[5] (Doc. 10-4.) Because Mrs. Lee did not satisfy the statutory prerequisites for a claim brought under the FTCA, the Court lacks jurisdiction over her claims. Accordingly, the Court **GRANTS** Defendant's Motion to Dismiss, (doc. 10), as to Mrs. Lee's claims and **DISMISSES** all claims brought by Mrs. Lee for her failure to exhaust her administrative remedies.

---

[4] Mrs. Lee was not physically involved in the at-issue collision and some paragraphs of the Complaint indicate that Mrs. Lee only seeks to recover for the loss of services and consortium of her husband, (see doc. 1, p. 8). However, the Complaint's counts for negligence and vicarious liability both read as if they are being asserted by both Plaintiffs, (see id. at pp. 5-7). Accordingly, this Order will refer to and dispose of any and all "claims" by Mrs. Lee.

[5] Mr. Lee timely filed his administrative claim in early 2017. (Doc. 1, p. 12.)

## II.     Jurisdiction Over Mr. Lee's Claims Under the FTCA

Defendant alleges that the Court lacks subject matter jurisdiction to hear the present case because the government has not waived its immunity under the FTCA. (Doc. 10-1, pp. 4, 6–9.) The doctrine of sovereign immunity bars suit against the United States unless the United States expressly consents. United States v. Mitchell, 463 U.S. 206, 212 (1983). In an effort to "provide remedies for wrongful government actions through a waiver of sovereign immunity," Congress enacted the FTCA. Pierce v. United States, 813 F.2d 349, 351 (11th Cir. 1987); see 28 U.S.C. §§ 1346(b), 2671–2680. However, this consent does not extend to claims "arising out of the combatant activities of the military or naval forces, or the Coast Guard, during time of war." 28 U.S.C. § 2680(j). The Act does not specifically exclude actions by servicemembers arising from peacetime activities, but in Feres v. United States, the Supreme Court created such an exception. 340 U.S. 135 (1950).

### A.     The Feres Doctrine and its Progeny

The Feres Court considered whether the United States could be held liable for the death of an active-duty serviceman who died in a fire after the emergency alarm system in his on-base housing failed to operate. Id. at 137. The Court held "that the government is not liable under the [FTCA] for injuries to servicemen where the injuries arise out of or are in the course of activity incident to service." Id. at 146. Because the serviceman had active duty status and the accident occurred on base, the Court found that his death was service-related and affirmed the case's dismissal. Id. Defendant argues the present case falls under the purview of the Feres doctrine, and as a result, dismissal is required because the Court lacks subject matter jurisdiction over Plaintiff's tort claims.[6] (Doc. 10-1, pp. 4, 6–9.)

---

[6] Defendant also alleges that the benefits Mr. Lee receives from Veteran Affairs prove his injury was "service connected." (Doc. 10-1, p. 8.) However, Defendant does not provide—and the Court is not

6

In response, Plaintiffs contend that Brooks v. United States, 337 U.S. 49 (1949)—rather than Feres—controls this case. (Doc. 15-1, p. 4.) In Brooks, several servicemen on furlough were driving on the highway when a government vehicle collided with the driver's personal vehicle. 337 U.S. at 51. The Supreme Court held that military membership alone does not automatically deprive a claimant of an FTCA action; a claimant's injury must, in some way, be related to military service. Id. at 52. Plaintiffs specifically argue their case aligns with Pierce v. United States, 813 F.2d 349 (11th Cir. 1987), a case in which the Eleventh Circuit Court of Appeals upheld the application of Brooks over Feres. (Doc. 15-1, pp. 4–5.)

In Pierce, the plaintiff was an active-duty servicemember who received permission to leave the military base for an afternoon to take care of personal business. 813 F.2d at 350. While traveling on a public highway, his motorcycle collided with a vehicle driven by a naval recruiter. Id. at 351. The plaintiff was injured and filed suit under the FTCA. Id. In reversing the lower court's dismissal, the Eleventh Circuit held that Feres did not apply because the servicemember's excused absence was akin to a pass and his activities were not "incident to service." Id. at 354. Here, Plaintiffs argue that their tort claim remains viable under Brooks and its progeny because, like the claimant in Pierce, Mr. Lee was on pass at the time of the accident, the accident occurred off the base, and the activities involved were not proximately related to his military service. (Doc. 15-1, pp. 4–5 (citing Pierce, 813 F.2d at 354).)

If an activity is deemed incident to service, Feres controls to preclude liability on the part of the United States. If an activity is deemed to be outside the scope of service, Brooks governs to permit FTCA claims. See Pierce, 813 F.2d at 351–52, 354. The Eleventh Circuit has articulated a three-factor inquiry to guide the "incident to service" determination. Flowers v.

---

aware of—any law finding that the receipt of benefits by a servicemember can (or should) be considered in the determination of whether an activity is "incident to service."

United States, 764 F.2d 759, 760–61 (11th Cir. 1985). To decide whether a servicemember was engaged in activity "incident to military service," a court must weigh: (1) "the duty status of the service member," (2) "the place where the injury occurred," and (3) "the activity the serviceman was engaged in at the time of his injury." Id. (quoting Parker v. United States, 611 F.2d 1007, 1013–15 (5th Cir. 1980)). "After evaluating the relative weight of these factors, a court should determine whether an activity is incident to service based on the totality of the circumstances."[7] Pierce, 813 F.2d at 353 (citing Parker, 611 F.2d at 1013).

### B. Whether the Feres Doctrine Bars Plaintiffs' Action

When applied to these factors, the relevant, undisputed facts indicate that Mr. Lee was not engaged in an activity incident to his service at the time of the collision. First, as to duty status, the parties agree that Mr. Lee left Fort Stewart for dinner with his son pursuant to a weekend pass. (Doc. 10-1, p. 2; doc. 15-1, p. 1.) "[J]ust as a serviceman on furlough may bring an action under the Federal Tort Claims Act, a soldier exercising his rights under a pass may maintain an action." Pierce, 813 F.2d at 353 (citations omitted). A servicemember with an "*unexercised* right to a pass"—meaning he had not left his post and remained engaged in service-related activities—generally may not bring such an action, but a servicemember on furlough or leave generally may. Parker, 611 F.2d at 1013; see also Zoula v. United States, 217 F.2d 81, 82–83 (5th Cir. 1954) (finding that Feres bars an FTCA action where the servicemember has an unexercised pass). In this case, Mr. Lee undisputedly left Fort Stewart to have dinner with his son. This conduct required Mr. Lee to leave his post and cease any job-related duties on the reservation, meaning he exercised his right to a pass and was accordingly under a duty status akin to leave. See Pierce, 813 F.2d at 350 ("When a serviceman . . . leave[s] the base and

---

[7] This consideration is largely to determine whether the claims asserted "will implicate civilian courts in conflicts involving the military structure or military decisions." Pierce, 813 F.3d at 352 (citations omitted).

8

exercise[s] the right to be absent from regular duty, the serviceman attains a status much akin to being on furlough."). As such, consideration of the first factor indicates that Mr. Lee was not engaged in activity incident to service at the time of the collision.

The parties also agree that the accident occurred on a public highway within the geographic boundary of Fort Stewart. (Doc. 15-1, p.2.) When an injury occurs on base, it is more likely that the injured servicemember's activity was incident to his service. Parker, 611 F.2d at 1014. Thus, at first blush it appears that the second factor weighs towards a finding that Mr. Lee was engaged in activity incident to service. However, in cases involving public highways or roads near a military base, courts have allowed FTCA actions to go forward. Id.; see, e.g., Pierce, 813 F.2d at 350, 353–54 (finding that Feres did not bar a suit for injuries sustained on a public road in Fort Stewart); Hand v. United States, 260 F. Supp. 38, 41–42 (M.D. Ga. 1966) (permitting an FTCA action where an accident occurred on a public highway traversing Fort Benning). In a situation like Mr. Lee's, where "it is determined that the service member['s] duty status might warrant allowing the action [and the] injury occurred on the base, the court should go further and inquire into precisely what the person was doing when injured." Parker, 611 F.2d at 1014.

As to the third factor, Mr. Lee's activity at the time of his injury is precisely the one addressed in Brooks. Like the plaintiffs in Brooks, Mr. Lee's personal car was struck by a military vehicle on a public highway. The Brooks court found that an accident under these circumstances had "nothing to do with [the servicemember's] army career." Brooks, 337 U.S. at 52. Mr. Lee was on a pass and "was not directly subject to military control; [] was not under the compulsion of military orders; [and] was not performing any military mission." Parker, 611 F.2d at 1014. The personal (as opposed to service-related) nature of Mr. Lee's activity at the time of

the collision is further fortified by the fact that his son was travelling in the car with him. The fact that Mr. Lee lived on the military reservation is not dispositive—merely residing on military property "does not mean that everything [done] in connection with his personal life can legitimately be considered activity proximately related to military service." Pierce, 813 F.2d at 354. While the accident technically took place "on base," the location of the accident does not change what Mr. Lee was doing at the time it occurred—operating his personal vehicle while completely relieved of military responsibilities. See Hand, 260 F. Supp. at 42 ("Even though the portion of the highway where this incident occurred is technically within the military reservation, . . . the question is whether what the man was doing at the time of injury was in the course of activity incident to his military service.").

Based on the totality of the circumstances, the Court concludes that Mr. Lee's accident was not caused by an activity incident to his service. Mr. Lee left Fort Stewart with his son pursuant to his weekend pass, was not expected to perform any military functions until the following Monday morning, and was driving his personal vehicle on a public road that passed through the reservation. Though the accident technically occurred within the reservation, operating a motor vehicle while relieved of any militarily assigned tasks is not an "activity materially related to military service."[8] Pierce, 813 F.2d at 354. Because Mr. Lee was not injured in a service-related activity, this Court has subject matter jurisdiction over his claims and the case may proceed under the authority of Brooks. Accordingly, the Court **DENIES** Defendant's Motion to Dismiss, (doc. 10), as to Mr. Lee's claims brought pursuant to the FTCA.

---

[8] Additionally, this case is not of the sort that would harm the disciplinary system or cast doubt upon any military decisions. See Pierce, 813 F.2d at 354. ("[T]he negligence alleged in the operation of a vehicle . . . [would not] require Army Officers 'to testify in court as to each other's decisions and actions.'") Id. (quoting United States v. Shearer, 473 U.S. 52, 58 (1985)).

**CONCLUSION**

For the reasons set forth above, the Court **GRANTS in part** and **DENIES in part** Defendant United States' Motion to Dismiss. (Doc. 10.) Specifically, the Court **DISMISSES** all claims asserted against Defendant by Plaintiff Heather Lynn Lee for failure to exhaust and **DIRECTS** the Clerk of Court to terminate her as a party to this case. However, the Court **DENIES** Defendant's request for dismissal of Plaintiff Jarred Micah Lee's claims, and these claims shall remain pending before the Court. Additionally, the Court **DENIES** Plaintiff's Request for Oral Argument. (Doc. 18.)

**SO ORDERED**, this 18th day of January, 2019.

R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA